MATTEO BISCOTTO, PLAINTIFF, v. JOHN H. B. DALRYMPLE, TRADING AS RARITAN TRUCKING COMPANY; THE TULLER CONSTRUCTION COMPANY, AND ROSS & TAYLOR, INCORPORATED, DEFENDANTS.

Submitted October 16, 1931—Decided December 15, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff, *Samuel H. Adler* (*Herman H. Anckstein,* of counsel).

For the defendant Ross & Taylor, Incorporated, *Charles Stockdell Gray.*

PER CURIAM.

The plaintiff had judgment for $6,000 in an action tried at the Middlesex Circuit. The defendant seeks to have the verdict set aside on the ground that a nonsuit should have been granted or a verdict directed, on the ground that by the clear weight of evidence there was no proof that the defendant was negligent. It was further argued that by the clear and unequivocal testimony the defendant was proved guilty of contributory negligence.

The plaintiff, a truck farmer, shortly before the accident was driving a Ford over route No. 26 of the New Jersey state highway system near Adams, New Jersey. The defendant was operating, in the vicinity of the paved portion of the roadway, a highway construction crane. Plaintiff testified that as he was passing this machine it suddenly and without warning swung across the road and struck his car causing the injuries of which he complained. The observations which he made before passing indicated to him that he had plenty of room to pass. The machine was not moving, but when he was so close to it that he could not avoid it, it started to move and struck his car. The flagman, stationed by the contractor to give warning, testified that the plaintiff had passed him and had paid no attention whatever to the red flag which he waved.

The operator of the crane said that the driver of the car had his eyes shut—a circumstance that seems hardly credible. There was testimony by employes of the defendant, and others, to the effect that the plaintiff's car was being driven in a careless manner.

From our examination of the whole record, we think the conflicting accounts of the occurrence were properly for the jury. We think that plaintiff's account of the accident was far more likely than that contained in the testimony of the witnesses called for the defense. Numerically the witnesses on behalf of the defendant outweigh the plaintiff, but this circumstance standing alone is not determinative of the weight of the evidence.

The rule will be discharged, with costs.